IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
VALDOSTA DIVISION

RONALD A. BRINSON,

    Plaintiff,

    v.

ABBOTT LABORATORIES,

    Defendant.

Civil Action No. 7:12-cv-47 (HL)

**ORDER**

Before the Court is the Defendant's Motion for a More Definite Statement (Doc. 9). The Court analyzes this claim below, and also embarks in a *sua sponte* review of whether this case has proper federal subject matter jurisdiction.

    I.    ***Sua Sponte* Review of Federal Subject Matter Jurisdiction**

Federal courts are courts of limited jurisdiction. Morrison, 228 F.3d at 1260-61. Article III of the United States Constitution sets the outer boundaries of judicial jurisdiction, and Congress is vested with the discretion to determine the scope of subject matter jurisdiction within that broad constitutional grant. Id. at 1261. Congress can "give, withhold, or restrict such jurisdiction at its discretion, provided it be not extended beyond the boundaries fixed by the Constitution." Univ. of South Alabama v. Am. Tobacco Co., 168 F.3d 405, 409 (11th Cir. 1999) (citations omitted).

Federal subject matter jurisdiction can be based upon either a question of federal law or diversity of citizenship. In this case, Plaintiff has not asserted a claim based on federal law, so the Court assumes that he intends to assert diversity jurisdiction. Diversity jurisdiction is established through the fulfillment of two statutory requirements: 1) an amount in controversy that exceeds $75,000, and 2) complete diversity between the parties. 28 U.S.C. § 1332(a)(1).

The first element of federal diversity jurisdiction, the amount in controversy, must be stated with particularity and in good faith, and dismissal is justified if it appears to a "legal certainty" that the claim is for less than $75,000. St. Paul Mercury Indem. Co. v. Red Cab Co., 303 U.S. 283, 289, 58 S. Ct. 586, 590 (1938). Specific evidence of the amount in controversy is considered along with any "reasonable deductions, reasonable inferences, or other reasonable extrapolations" to determine whether the requirements for federal subject matter jurisdiction are met. Pretka v. Kolter City Plaza II, Inc., 608 F.3d 744, 754 (11th Cir. 2010). In those cases where the complaint alleges indeterminate damages, the court may rely on its judicial experience and common sense to determine if the claims satisfy the amount in controversy requirement. Roe v. Michelin N. Am., Inc., 613 F.3d 1064 (11th Cir. 2010).

The second element of diversity jurisdiction, complete diversity, requires that each defendant be a citizen of a different state than each plaintiff. Sweet Pea Marine, Ltd. v. APJ Marine, Inc., 411 F.3d 1242, 1247 (11th Cir. 2005). Regarding natural persons, citizenship, not residence, is the key fact that must

be alleged in the complaint to establish diversity. Taylor v. Appleton, 30 F.3d 1365, 1367 (11th Cir. 1994). For a corporate defendant, the corporation is deemed to be a citizen of the state where the defendant is incorporated or where the corporation has its principal place of business. Id. (citing 28 U.S.C. § 1332).

In this case, the Court employs a lenient standard of review that is appropriate for *pro se* plaintiffs. "*Pro se* pleadings are held to a less stringent standard than pleadings drafted by attorneys and are liberally construed." Bingham v. Thomas, 654 F.3d 1171, 1175 (11th Cir. 2011) (citing Tannenbaum v. United States, 148 F.3d 1262, 1263 (11th Cir. 1998)). Under this lenient standard, Plaintiff's Complaint is sufficient to establish federal subject matter jurisdiction. Plaintiff has alleged myriad physical symptoms that continue to affect him over two years after his first injection of Lupron. These injuries support a claim for at least $75,000 in damages. As for diversity, Plaintiff has demonstrated that complete diversity exists because he is currently incarcerated at Valdosta State Prison in Valdosta, Georgia and Abbott Laboratories is located in Illinois. Thus, federal subject matter jurisdiction is established in this case.

    II.    **Motion for a More Definite Statement**

Under Federal Rule of Civil Procedure 12(e), a "party may move for a more definite statement of a pleading to which a responsive pleading is allowed but which is so vague or ambiguous that the party cannot reasonably prepare a response." Here, Defendant claims that Plaintiff's Complaint is so vague and

ambiguous that it cannot determine the nature of the claims asserted against it and a more definite statement is required. The Court, however, disagrees.

Plaintiff's Complaint makes very clear Plaintiff's allegations against Defendant. Plaintiff asserts that he was given Lupron, a drug manufactured by Defendant, to treat his prostate cancer. As a result of taking this drug, Plaintiff alleges that the suffered numerous side effects including hot flashes, trouble standing, dizziness, mood swings, inability to walk, panic attacks, fainting, and weakness. Plaintiff further claims that as a result of the side effects he suffered, he refused to take Lupron to treat his prostate cancer, stating that he "hope[d] the side effect would go away." He states that the medical staff at the hospital is unable to treat the side effects that he suffers as a result of taking Lupron, and his quality of life has been greatly diminished. This statement is very clear, and Plaintiff does not need to clarify his allegations in an amended complaint.

### III.  Conclusion

In sum, Plaintiff's Complaint is sufficient to establish proper federal subject matter jurisdiction and the Complaint also contains enough information to enable Defendant to respond to the allegations. Defendant's Motion for a More Definite Statements is denied. Defendant is ordered to submit an answer or other responsive pleading in accordance with the Federal Rules of Civil Procedure.

**SO ORDERED**, this 19th day of June, 2012.

*s/ Hugh Lawson*
HUGH LAWSON, SENIOR JUDGE